EDWIN A. LOMBARD, Judge.
I,The State appeals the district court’s downward departure in sentencing the defendant, Earl V. Hagans, to less than the mandatory minimum of twenty years provided for a fourth felony offender under the Habitual Offender Law, La.Rev.Stat. 15:529.1. After review of the record in light of the applicable law, we find that the defendant’s adjudication as a fourth felony offender is an error patent. Accordingly, we vacate the adjudication and remand the matter back to the district court for further proceedings.

Relevant Facts and Procedural History

On February 26, 2003, the defendant pleaded guilty to three separate charges: possession of cocaine (ease No. 433-541); forgery (case No. 433-655); and attempted possession of heroin (case No. 436-521). On August 22, 2013, the defendant was convicted by a jury one count of possession of cocaine, a violation of La.Rev.Stat. 40:967(C)(2). The defendant was initially sentenced to five years at hard labor in the custody of the Department of Corrections. The State then charged the defendant as a fourth felony offender based on his three prior convictions obtained on February 26, 2003. The trial court vacated the defendant’s initial sentence and adjudicated the defendant as a fourth felony offender but, |2pursuant to the defendant’s motion for a downward departure, sentenced the defendant to eight years of imprisonment rather than the mandatory minimum twenty years provided for in the Habitual Offender Law. The State appeals this sentence, arguing that the trial court erred in granting the downward departure because the defendant did not establish that the mandatory minimum sentence of twenty years was constitutionally excessive as it applied to him.

Error Patent Review

La.Rev.Stat. 15:529.1(B) of the Habitual Offender Law specifically provides that “[mjultiple convictions obtained on the same day prior to October 19, 2004, shall be counted as one conviction for the purpose of this Section.”[1]
*721 Because the three convictions underlying the multiple offender charge in this case were obtained on February 26, 2003 (well .before October 19, 2004), the error adjudicating[2] the defendant as a fourth felony offender is easily discernible based upon a “mere inspection of the pleadings and proceedings.” La.Crim. Proc. art. 920. It was clear error for the trial court to adjudicate the defendant as a fourth felony offender based upon the three convictions obtained on February 26, 2003.

\ ¿Conclusion

The adjudication of the defendant as a fourth felony offender, based on three convictions obtained on the same day prior to October 19, 2004, is contrary to La.Rev¡ Stat. 15:529.1(B), and, as such, is an error patent. Accordingly, we pretermit discussion of the State’s assignments of error, vacate the defendant’s adjudication as a fourth felony offender, and remand the matter to the trial court for further proceedings.
ADJUDICATION VACATED; REMANDED.

. See also State v. Shaw, 06-2467 p. 19 (La. 11/27/07), 969 So.2d 1233, 1245 (The amendment, 2005 La. Acts 218 amending La. Rev.Stat. 15:529.1(B), which provides that multiple convictions obtained on the same day prior to October 19, 2004, are counted as one conviction for purposes of the multiple offender statute “evidences a legislative repudiation of the ‘one day, one conviction' rule and a determination that convictions ... obtained after October 19, 2004, should be counted individually for purposes of sentence enhancement.”).

. The hearing transcript indicates that' the trial court was aware of the rule change pertaining to the use of convictions obtained on the same day for the multiple offender statute. However, the trial court was apparently unaware of the pertinent provision of La.Rev. Stat. 15:529.1(B) that statutorily adopted the Louisiana Supreme Court’s repudiation of the old rule in State v. Johnson, 03-2993 (La. 10/19/04), 884 So.2d 568, but made clear that the new rule (multiple convictions on the same day could be considered) should not be applied retroactively to convictions entered prior to the Johnson decision. Notably, the State erred in charging the defendant as a fourth felony offender contrary to the explicit rule in La.Rev.Stat. 15:529.1(B) and, similarly, defense counsel failed to bring the pertinent provision to the trial court’s attention, arguing only that the defendant had not been properly “Boykinized ” at the 2003 plea hearing.